Somonte, Demandante y Apelante *v.* Mimoso, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en procedimiento de *injunction* para recobrar la posesión de propiedad inmueble.

No. 1911.—Resuelto en mayo 23, 1919.

Contestación Negativa que Envuelve una Afirmación (Negative Pregnant)— Sentencia Sobre las Alegaciones.—Cuando el demandado niega en la contestación los hechos esenciales de la demanda en forma tal que la negativa envuelve una afirmación (*negative pregnant*), procede dictar sentencia sobre las alegaciones.

Injunction para Recobrar la Posesión de Inmuebles—Títulos Contradictorios—Evidencia Inadmisible.—Cuando un demandante que utiliza en tiempo y forma el recurso de *injunction* para recobrar la posesión de propiedad inmueble, prueba haber sido despojado violentamente por el demandado de la posesión real de una parcela colindante con la finca de éste, es impertinente la evidencia introducida por el demandado tendente a demostrar cuál era la verdadera colindancia y a probar que de acuerdo con su título y con certificaciones de mensura de ambas fincas, la parcela objeto de la controversia forma parte de la del demandado y no de la del demandante.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Francisco González.*

Abogado del apelado: *Sr. Joaquín Vendrell.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El presente recurso es contra una sentencia declarando sin lugar una demanda para recobrar la posesión de propiedad inmueble por medio de un *injunction* mandatorio.

La demandante alegó ser dueña en plena propiedad, y haberse hallado, hasta el momento del despojo, en la posesión real, quieta y pacífica, por medio de su arrendatario, de la totalidad de una parcela de terreno que, según se describe, contiene 132 cuerdas y colinda por el este con el Río Grande y por el sur con terreno de Jacinto y María López Polanco. La alegación esencial es que "el demandado violentamente ha privado a la demandante y a su referido arrendatario de la posesión material de una parcela de terreno de la mencionada finca, cuya extensión aproximada es de

una cuerda, y colinda por el norte y oeste con más terrenos de la misma finca de la cual forma parte; por el este, con el Río Grande; y por el sur con terrenos de Jacinto y María López Polanco, arrancando la cerca o empalizada, perteneciente a la misma demandante, en toda la extensión de la colindancia común a la predicha parcela y al predio de terreno de los referidos Jacinto y María López Polanco, cortando repetidas veces malojillo de la referida parcela y apropiándoselo para su exclusivo beneficio, y, finalmente, amenazando con darles la muerte, a los peones del arrendatario que vayan a cortar malojillo de la repetida parcela.''

En la contestación se niega tal alegación ''en cuanto a que este demandado haya privado violentamente, ni en ninguna otra forma, a la demandante y a su mencionado arrendatario de la posesión material de ninguna parcela de terreno *perteneciente a la finca de la demandante, ni en la extensión ni dentro de las colindancias especificadas* en el hecho cuarto mencionado.'' (La bastardilla es nuestra.) Igualmente negó el demandado que él hubiera ''arrancado cerca alguna *que pertenezca a la demandante,* que haya arrancado o cortado hierba malojillo *de la finca de la demandante,*'' o que ''se haya valido de medios violentos para privar de la posesión material de la finca, o parte de la misma *que pertenezca a la demandante,* y mucho menos, de amenazar de muerte ni en ninguna otra forma a los peones del arrendatario *de la finca de la demandante.*'' (La bastardilla es nuestra.)

Como materia nueva y en su carácter de arrendatario de la finca que colinda por el sur con la de la demandante, el demandado alega que la verdadera colindancia entre ambas fincas es una quebrada que desemboca en el Río Grande; y, también, que el demandado ''lejos de perturbar en la posesión material de *su finca* a la demandante, ha tratado de mantenerse en la posesión de *la finca que le ha sido arrendada, en toda su capacidad y dentro de los límites señalados en las certificaciones de mensura y planos levantados por peritos*

*competentes*  \*  \*  \*  ''; que el demandado *"desde la fe-
cha en que se le arrendó la finca descrita en esta contestación,*
ha estado y está en posesión material de la misma en toda
su capacidad, sin que en la actualidad, ni en fecha alguna an-
terior, haya tratado de perturbar en la posesión *de propie-
dad ajena,* ya por actos violentos, ni en ninguna otra for-
ma."  (La bastardilla es nuestra.)

En el juicio, la demandante, antes de introducir eviden-
cia alguna, suscitó alguna cuestión en cuanto a aquella parte
de la contestación que hemos transcrito primero, a lo cual
el abogado del demandado hizo la siguiente manifestación:
"En la demanda alega la demandante que ella es dueña de
una propiedad, y dice que el demandado ha perturbado en
la posesión de una manera violenta a la demandante en parte
del terreno perteneciente a la misma propiedad.  Y nosotros
desde luego, alegamos que hemos estado en una finca que se
describe en la contestación, y que el demandado, lejos de per-
turbar en la posesión material de su finca a la demandante,
ha tratado de mantenerse en la posesión de la finca que le
ha sido arrendada, en toda su capacidad, y dentro de los lí-
mites señalados en las certificaciones de mensura y planos
levantados."

Del récord aparece seguidamente que la corte declaró sin
lugar la moción y que la demandante tomó excepción.  No
aparece claramente cuál fuera la moción.

La ostensiva negación del hecho esencial alegado en la
demanda es un caso típico de negativa que envuelve una afir-
mación (*negative pregnant*), y si aun hubiera lugar a discu-
sión sobre este punto, la materia nueva contenida en la con-
testación, junta con la manifestación hecha por el abogado
del demandado respecto a la teoría de la defensa, sería sufi-
ciente para aclarar la duda.  Indiscutiblemente la deman-
dante tenía derecho a una sentencia sobre las alegaciones, si
es que la moción declarada sin lugar por la corte era, en rea-
lidad, para que se dictara tal sentencia.

"  *  *  *  Cuando menos, la negativa que envuelve una afir-
mación (*negative pregnant*) es una violación tan flagrante de los
principios de lógica y de derecho, que demuestra en quien tal ale-
gación hace o la ignorancia que desconoce la naturaleza de una cues-
tión, o la astucia que puede disimular la falta de una defensa bajo
la apariencia de una contestación directa.  En ambos casos debe ser
condenada por las cortes."  Pomeroy, Code Remedies (4th ed.),
p. 742, sec. 514.

La teoría de la corte inferior aparece suficientemente de
lo que transcribimos a continuación:

"En el caso presente no se ha probado a nuestro juicio que el
demandado llevara a cabo los actos que son necesarios para dar cau-
sa de acción a la parte actora.  La demandante no ha probado su
caso, pues aparte de que es muy discutible si dicha demandante
estaba en posesión de la parcela en litigio, debido a cierta confu-
sión de linderos; es un hecho claramente establecido que ambas par-
tes convinieron en hacer una mensura del terreno en cuestión; que
el demandado encargó a un ingeniero que practicase tal mensura,
resultando de ella que el trozo de terreno en controversia pertene-
cía a la finca de mayor cabida de la cual está en legítima pose-
sión el demandado, y aparece también que no conforme con el re-
sultado de la mensura practicada, la demandante, por su parte, de-
signó otro ingeniero, y éste, a su vez, en replanteos verificados so-
bre el terreno, encontró una disparidad en una de las colindancias,
disparidad que no pudo aclarar por ser defectuoso el título de dicha
demandante.

"Consideradas las circunstancias todas del caso, creemos que el
demandado se limitó a tomar posesión de una finca que le fué arren-
dada, manteniéndose en posesión de la totalidad de tal finca den-
tro de los límites y capacidad de la misma, según le fué entregada
por los legítimos dueños.  Este extremo resulta probado con planos,
certificación de mensura, y declaración de los peritos utilizados por
ambas partes.

"Además, la corte practicó la inspección ocular solicitada por am-
bos litigantes y pudo observar que, una cerca que existe entre am-
bas fincas, y que fué colocada por la demandante desde hace mucho
tiempo, es en realidad la colindancia que separa las dos propiedades."

La evidencia sustancialmente concuerda con las alegacio-
nes y no existe en ella notable conflicto.  Una consideración

detallada de la prueba testifical parece innecesaria. Los testigos de la demandante establecieron *prima facie* su caso en el sentido expresado en la demanda, y ni han sido abiertamente contradichos por los testigos de la defensa ni su veracidad ha sido claramente puesta en duda por el juez inferior. La cuestión de qué constituye la verdadera colindancia no puede propiamente decirse que esté envuelta en el *caso* y no debió haber sido traída al *caso* ni considerada por la corte. Las circunstancias mencionadas con respecto a las mensuras y su resultado son igualmente impertinentes. Ni el arrendamiento de la finca colindante al demandado, ni el contenido de los títulos y notas de mensura en su poder, ni la nueva mensura hecha por él, crean derecho alguno para incautarse por medio de fuerza y violencia de ninguna parte de tal finca, de la cual la demandada tenía la posesión real. La ley de 1913 tiene claramente como fin primordial el impedir que se utilicen esos medios y obligar a que se recurra a las cortes.

Estamos enteramente de acuerdo con la manifestación del juez de la corte inferior que precede a lo que arriba hemos transcrito, al efecto de que ''el estatuto en cuestión no tiene por objeto dirimir un conflicto de títulos sobre bienes inmuebles; lejos de eso, el legislador ha querido proporcionar medios legales a fin de dar cumplimiento de una manera rápida y eficaz al principio de derecho sustantivo, según el cual la persona que posee debe ser amparada en la posesión.'' Pero la solución de disputas respecto a las colindancias es tan ajena al fin de la ley como la resolución de títulos contradictorios de propiedad.

La empalizada a que se refieren las conclusiones de hecho (*findings*) haber sido construída por el peticionario y que se dice constituye la verdadera línea divisoria entre las fincas es evidentemente una empalizada que separa la cuerda en litigio de la finca principal que posee el peticionario, y no la empalizada que hasta que fué destruída, por el demanda-

do, marcaba en efecto la colindancia material, ya fuera o no la verdadera, entre las dos parcelas de mayor extensión.

Es de sentirse que la corte, después de la inspección de la finca en controversia, no expresara sus conclusiones en cuanto a las indicaciones que hubiera respecto de la preexistencia y destrucción de la cerca que se alega, y que como lo demuestra la prueba testifical, fué destruída por el demandado, ni en cuanto a la existencia y extensión del sembrado de malojillo, u otros indicios de posesión y cultivo por la demandante con anterioridad a la incautación que el demandado alega haber hecho bajo su arrendamiento. El mero hecho de que la cuerda de terreno en controversia había sido cercada y de ese modo separada del resto de la finca en poder de la demandante, y que la cerca a lo largo de la quebrada así como la destruída por el demandado, había sido puesta por la demandante y era en realidad la verdadera línea de colindancia entre ambas fincas, no es inconsistente con la teoría de la posesión real por la demandante, teoría que estaba fuertemente apoyada por toda la prueba testifical que a este punto se refería directamente, y a la cual parecían indicar todas las demás circunstancias del caso, no constituyendo, por tanto, ese hecho, obstáculo al remedio solicitado. La conclusión de la corte no va más lejos, y la evidencia, en conjunto, demuestra concluyentemente que, con derecho o sin él, la demandante estaba y por muchos años con anterioridad a los actos de que se queja, había estado en la posesión real de la cuerda en cuestión.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada y dictada otra ordenando la restitución de la posesión de la parcela a la demandante, etc., con costas al demandado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.