MAZARREDO, PETICIONARIA Y APELANTE, *v.* ECHEVARRÍA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en procedimiento de *injunction.*

No. 2602.—Resuelto en noviembre 23, 1923.

*Injunction*—SERVIDUMBRE DE PASO—ALEGACIONES—NEGATIVAS QUE IMPLICAN ADMISIONES.—La regla que prohibe las negativas que implican admisiones (*negative pregnant*) está sujeta a las reglas liberales de interpretación que prevalecen generalmente bajo los códigos.

ID.—ID.—ID.—ALEGATOS.—Una corte de apelación no hará una investigación inde-
  pendiente de cuestiones que son más o menos dudosas, sin la ayuda de la
  debida presentación y desarrollo de las cuestiones planteadas en el alegato.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Valldejuli.*

Abogados de los apelados: *Sres. Reichard & Reichard.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

Fortuna Mazarredo estableció un procedimiento de *in-
junction* para impedir que continuaran realizándose una se-
rie de alegados actos de intromisión en su propiedad. Los
demandados admitieron la mayor parte de los hechos ale-
gados, unos específicamente y otros en forma más o menos
restringida, por medio de negativas que implican admisio-
nes.

Pero la contestación alegaba claramente la existencia de
una servidumbre de paso que se afirmaba había sido utili-
zada por uno de los demandados, Juan Echevarría, sus
causantes y arrendatarios, desde tiempo inmemorial como
único medio de entrada y salida de una finca perteneciente
a dicha Juana Echevarría.

Estos hechos también fueron alegados con mayor am-
plitud en una contrademanda, y con más exactitud y pre-
cisión en la descripción de la alegada servidumbre y propie-
dades envueltas.

En la sentencia de la corte inferior se establecía la exis-
tencia de la servidumbre según se alegaba por los deman-
dados, y disolvía el *injunction* preliminar, requiriéndose a
la demandante para que se abstuviera de obstaculizar o im-
pedir a los demandados el libre ejercicio y disfrute de tal
servidumbre, concediéndose las costas a los demandados.

La apelante insiste en que la corte inferior cometió
error:

"Primero:—Al declarar que Juana Echevarría es propietaria

del predio cuya descripción y procedencia constan en la contrademanda.

"Segundo:—Al declarar sin lugar la moción de la demandante solicitando sentencia sobre las alegaciones, por entender que la contestación reafirma las pretensiones de la demandante y la contrademanda de los demandados no es suficiente para contrarrestar las alegaciones de la solicitud original de *injunction.*

"Tercero:—Al declarar sin lugar la excepción previa de que los hechos expuestos en la contrademanda de los demandados no exponen hechos suficientes para constituir una causa de oposición contra la demanda y alegaciones de la actora Fortuna Mazarredo.

Cuarto:—Al declarar que desde tiempo inmemorial existe un camino que partiendo del lindero Norte de la finca de la Echevarría, llega a la carretera que conduce a San Sebastián desde Moca, en el kilómetro once, hectómetro dos, a través de la finca de la Mazarredo que está cruzada en dirección general de Sud a Norte por el referido camino, en una distancia aproximada de mil metros y con anchura suficiente para transitar carros de bueyes y bestias de carga.

"Quinto:—Al establecer que demuestran la antigüedad de dicho camino las huellas dejadas por las bestias y carros, los taludes de alguna profundidad formados por el tránsito de muchos años y los restos de cerca de alambres de púas.

"Sexto:—Al establecer que el referido camino es el único existente en la actualidad entre la finca de Juana Echevarría y la vía pública, y viene usándose desde tiempo inmemorial como servidumbre de paso a favor de dicha finca y sobre la de la Mazarredo, por la mencionada Juana Echevarría, sus anteriores dueños y los arrendatarios de una y otra para el cultivo y extracción de cosechas de las tales fincas.

"Séptimo:—Al declarar que varios testigos de avanzada edad y que merecen entero crédito, entre otros Agustín Martínez, antiguo dueño del predio sirviente, acerca de la existencia desde tiempo inmemorial de la referida servidumbre de paso a favor de la finca de la Echavarría.

"Octavo:—Al establecer que la corte tiene la plena certeza de que no existe otro camino entre las fincas de la Echevarría y la vía pública que el de servidumbre antes mencionado.

"Noveno:—Al permitir en la inspección ocular la presentación

de prueba testifical y negarse a admitir prueba documental en el mismo acto.

"Décimo:—Al establecer que si no se permite a los demandados el libre tránsito por el mencionado camino de servidumbre, sufrirán perjuicios graves e irreparables, pues se perderán en su totalidad frutos del predio dominante, especialmente ciertas plantaciones de caña que deben ser cortadas y molidas durante la presente zafra; toda vez que no existe en la actualidad otro camino que pueda ser usado por los demandados para el cultivo y extracción de cosechas de la finca de la Echevarría.

"Undécimo:—Al interpretar y aplicar a este caso la doctrina de los casos de Hijos de J. Bird y León v. Luiña, 25 D. P. R. 621; Nido v. Alicea, 27 D. P. R. 34; y Cayey Caguas Tobacco Co. v. Ramírez, 27 D. P. R. 623.

"Duodécimo:—Al dictar sentencia declarando sin lugar la petición de *Injunction* de Fortuna Mazarredo, disolviendo el *Injunction* preliminar dictado contra los demandados y declarar que a favor de la finca de Juana Echevarría y sobre la de Fortuna Mazarredo existe la servidumbre de paso, constituída por prescripción que se alega en la contrademanda, requiriendo a Fortuna Mazarredo que por sí o por medio de sus agentes y empleados se abstengan de obstaculizar o impedir a Juana y Herminio Echevarría y Francisco Gervasio Colón, el libre tránsito por el referido camino de servidumbre.

"Décimo tercero:—Al condenar a Fortuna Mazarredo al pago de las costas, gastos y honorarios de abogado de este pleito."

El razonamiento, si puede tenerse por tal, bajo el segundo señalamiento de error asume simplemente, sin pretender demostrar, que la contrademanda no aducía hechos suficientes para constituir una causa de acción. También pasa por alto los hechos que afirmativamente se alegaron en la contestación y supone además que la contestación que reafirma las pretensiones de la demandante allí envuelta es necesariamente fatal.

Pero como hasta ahora hemos indicado en el caso de *Guzmán* v. *American Railroad Co.*, 29 D. P. R. 402, la regla que prohibe las negativas que implican una afirmación está su-

jeta a las reglas liberales de interpretación que prevalecen generalmente bajo los códigos.

Puede ser que los demandados hubieran tenido poca razón para quejarse de un parecer más técnico de la cuestión, pero apreciadas todas las circunstancias no encontramos razón suficiente para una revocación en la negativa de la corte inferior a dictar sentencia sobre las alegaciones.

Si, como alega la apelante, los demandados pudieron haber obtenido por virtud de los hechos afirmativamente alegados en la contestación todo el remedio posible según los hechos referidos en la contrademanda, entonces el error, de haber alguno, alegado en el tercer señalamiento no parece que fué perjudicial. De todos modos la cuestión que por sí se presenta de si la contrademanda alega una causa de acción separada e independiente, seguida de una mera expresión de opinión respecto a la pertinencia de una contestación en forma negativa, nada establece, y dentro de las circunstancias no nos sentimos inclinados a continuar en un examen más extenso.

La primera alegación del señalamiento noveno parece que puede ser tomada en consideración y la proposición probablemente es sana en principio. La cuestión, por lo menos, hubiera merecido detenida consideración de haberse formulado la oportuna objeción en la corte inferior, o puede merecerla no obstante dicha falta si se hubiera presentado debidamente el punto en el alegato.

Pero en cuanto a esto también el razonamiento del apelante poco o nada agrega a la escueta proposición sometida en el señalamiento.

Frecuentemente hemos llamado la atención hacia el hecho de que esta corte no dispone de tiempo para investigar y resolver independientemente cuestiones que son más o menos dudosas a falta de un estudio adecuado hecho por el abogado del apelante.

Un memorándum presentado por el juez sentenciador expresa que "Durante la inspección ocular, las partes por conducto de sus respectivos abogados Juan Valdejuli Rodríguez y Augusto Reichard solicitaron y obtuvieron permiso de la corte para presentar prueba testifical que fué debidamente practicada."

Casi toda la prueba testifical practicada en la ocasión de referencia parece que fué aducida por la apelante y la prueba documental excluída era claramente impertinente e inmaterial. Pero aun cuando asumamos con la apelante que todo el procedimiento en lo que concierne a la toma de declaraciones fué enteramente nulo, sin embargo, una revocación podría o no seguir como necesaria consecuencia de acuerdo con las conclusiones a que se llegara en relación con otras cuestiones que no fueron discutidas en absoluto ni indicadas siquiera en el alegato.

Algunos de los casos que se mencionan en el undécimo señalamiento tal vez no son semejantes al presente en todos sus detalles pero el error, de haber alguno, en citarlos como autoridad no fué perjudicial.

La cuestión de costas levantada en el décimo tercero señalamiento era cosa que estaba dentro de la sana discreción de la corte sentenciadora y de un examen cuidadoso de los autos en conjunto no encontramos nada en que basar una modificación de la sentencia apelada en este sentido.

Todas las demás cuestiones de que se queja la apelante afectan de un modo o de otro a la suficiencia de la prueba. Hubo cierto conflicto en la prueba testifical, pero los hechos reales como fueron vistos sobre el terreno por el juez sentenciador y según fueron revelados directa o indirectamente por los testigos así del demandante como de los demandados, tienden todos a indicar la propiedad de la conclusión a que llegó la corte sentenciadora con la que estamos enteramente de acuerdo.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.