JUAN DE DIOS MARRERO, demandante y apelado, *v.* LEOCADIO MAS, demandado y apelante.

No. 6938.—*Sometido:* Marzo 25, 1935. *Resuelto:* Mayo 21, 1935.

*M. Acosta Velarde,* abogado del apelante; *G. Cruzado Silva,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En un pleito sobre deslinde resuelto con anterioridad al presente, el aquí apelante resultó hasta cierto punto victorioso. En el pleito anterior el márshal marcó o trató de marcar los verdaderos linderos entre los litigantes. Entonces el aquí apelante dió algunos pasos adicionales. En la demanda en el presente caso se aducía que el demandado había privado al demandnte de la posesión de una parcela triangular de terreno y había destruído una cerca, construyendo una propia, y se solicitaba la expedición de un *injunction* para recobrar la posesión. La Corte de Distrito de San Juan, después de celebrarse el juicio así lo resolvió. Se trata ahora de una moción para desestimar por frívolo el recurso de apelación interpuesto contra esa sentencia.

La corte de distrito decidió que un pleito de deslinde era ineficaz para modificar el *status,* citando el caso de *García* v. *Fernández,* 1 S.P.R. 286; 3 Manresa, Comentarios al Código Civil, 324, 342 y 350; *La O* v. *Rodríguez,* 28 D.P.R. 636. Conforme se resolvió en este último caso la sentencia dictada en un pleito de deslinde da a las partes el derecho a acudir a una acción para que se les ponga en posesión de la propiedad así definida. No otorga a ninguna de las partes el derecho a tomarse la ley en sus propias manos ni a tomar por sí misma posesión del terreno en controversia. Además podrían surgir equivocaciones. La situación de las partes o sus derechos inmediatos a la posesión pueden cambiar o pueden estar envueltas otras consideraciones.

Sin embargo, el apelante sostiene que el terreno no fué identificado suficientemente y que ningún márshal podría localizarlo definitivamente y poner a una persona en posesión

del mismo. La Corte de Distrito resolvió lo contrario. La:
contestación en el caso, por ser en cuanto a su forma una·
negativa que envolvía una afirmación (*negative pregnant*) no·
suscitó cuestión alguna respecto a la descripción hecha en la.
demanda ni sobre alguna otra de sus alegaciones esenciales..

El apelante suscita la cuestión de que una sentencia sobre·
las alegaciones no debe solicitarse por primera vez durante el.
juicio y cita un número de casos, mas el procedimiento en
este recurso no fué en absoluto lo que se conoce con el nom--
bre de sentencia sobre las alegaciones, toda vez que las partes;
se hallaban en medio de un juicio y el apelado simplemente·
se fundó, según tenía derecho a hacerlo, en las admisiones
*pro tanto* presentadas por el demandado en forma de nega-
tivas que envolvían afirmaciones. Notamos también que el
apelante sostiene que la práctica de dictar sentencias a base
de negativas que envuelven afirmaciones, es odiosa.

No obstante el demandante siempre tiene derecho a saber
lo que la parte demandada realmente niega y ese resultado
no queda cumplido cuando existe una negativa que envuelve
una afirmación. La idea de la ley, si la contestación es ju-
rada, es que el demandado no eluda la responsabilidad de
una acusación por perjurio, diciendo que tan sólo tuvo la in-
tención de contestar a una parte insignificante de las alega-
ciones de la demanda y que no fué su intención negar otras
alegaciones más esenciales. La cuestión de negativas que en-
vuelven afirmaciones ha sido cubierta por opiniones de este
tribunal. *Somonte* v. *Mimoso,* 27 D.P.R. 398; *Mazarredo* v.
*Echevarría, et al.,* 32 D.P.R. 502; *Guzmán* v. *Am. R. R. Co.,*
29 D.P.R. 402.

La referida demanda alegaba el título del demandante
a una faja de terreno que se describía; que el demandado
había privado al demandante de una parcela triangular de
terreno que comprendía toda la parte sur del solar descrito,
con un área aproximada de 5 metros 46 centímetros; y en-
tonces describía, o trataba de describir, la porción segregada

y alegaba que el demandado había destruído una cerca y construído otra. El apelante llama nuestra atención a varios casos en que este tribunal insistió en que se hiciera una descripción más específica. Irrespectivamente del alcance que puedan tener estos casos, la posición del terreno tomado en este caso específico ha sido localizada más o menos definitivamente por las alegaciones de la demanda y cualesquiera deficiencias que hubiere fueron suplidas por las actuaciones del demandado mismo al destruir cercas y levantar otras. Su propio alegato y su propia defensa de *res adjudicata* demuestran que ambas partes tenían en mente la misma faja de terreno que el demandante trata de recobrar.

■ Es natural que el pleito anterior no fuera *res adjudicata*. Tampoco podemos convenir con el apelante en que el presente litigio tiene por objeto que se definan por segunda vez los linderos. O que el pleito envuelve una cuestión de título.

Además, aun suponiendo que el márshal diera algunos pasos como resultado del litigio anterior, cuanto hizo fué ejecutado a instancias del aquí demandado, y el demandante tendría siempre derecho a que se restableciera el *status quo*.

*Debe desestimarse el recurso.*