Alejandro Jiménez Arocho, peticionario y apelante, *v.* El Municipio de Moca, opositor y apelado.

Núm. 9924.—*Sometido:* Junio 2, 1949. *Resuelto:* Noviembre 17, 1949.

*Héctor Reichard,* abogado del apelante; *Luis Alfredo Colón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de una información de dominio promovida por Alejandro Jiménez Arocho ante la Corte de Distrito de Agua-

dilla para que se declare justificado a su favor el derecho de dominio que tiene sobre una finca urbana radicada en el pueblo de Moca y la cual contiene una extensión superficial de 48.965 metros cuadrados y una casa de madera.

Se alega en la petición que el peticionario y sus antecesores vienen poseyendo la mencionada finca con carácter de dueños desde hace más de treinta años, habiéndola adquirido el peticionario por compra que hiciera a sus anteriores dueños en 24 de agosto de 1945, según consta en escritura pública número 137 otorgada ante el notario José Veray, Jr.

Compareció el Municipio de Moca oponiéndose a la información solicitada, alegando que el solar objeto de la petición le pertenecía encontrándose el mismo inscrito en el Registro de la Propiedad; que el mismo formaba parte de una finca propiedad del Municipio de Moca inscrita el 26 de octubre de 1915, habiendo sido adquirida dicha finca por donación que hiciera doña Cándida Vives en el año 1841. También alegó que según un plano preparado por el Departamento de lo Interior, de acuerdo con las facultades concedídasle por la Ley núm. 22 de 12 de abril de 1945 (Leyes de 1945 ((1) pág. 55), para llevar a cabo el deslinde de la jurisdicción territorial del pueblo de Moca, el mismo revela que dicho solar se encuentra entre las propiedades del municipio.

La corte inferior, después de celebrado el juicio correspondiente, desestimó la información de dominio solicitada, fundándose en que siendo los municipios una creación del estado, les es aplicable por analogía la doctrina seguida en esta jurisdicción al efecto de que no puede invocarse la prescripción adquisitiva contra El Pueblo de Puerto Rico y que, en todo caso, la Ley núm. 22 de 1945 interrumpió ·el término de dicha prescripción.

En el caso de *El Pueblo* v. *Dimas et al.,* 18 D.P.R. 1061, resolvimos que no puede alegarse la prescripción adquisitiva en contra de El Pueblo de Puerto Rico a partir del año 1898, a menos que se hubiera consolidado con anterio-

ridad a esa fecha. Al mismo efecto, véanse los casos de *El Pueblo* v. *Municipio de San Juan*, 19 D.P.R. 656 y *Miranda* v. *Municipio de Aguadilla*, 39 D.P.R. 467. Empero, en este último resolvimos, esta vez precisamente en un caso de dominio contencioso en el cual el Municipio de Aguadilla reclamó como suyo un solar que la Legislatura había autorizado al Comisionado de lo Interior a traspasar al Municipio, que:

". . . En ausencia de algo que demuestre que los terrenos en controversia pertenecían a la corona de España durante el cambio de soberanía, no surge la cuestión de si puede o no adquirirse un título por prescripción contra El Pueblo de Puerto Rico.

"El peticionario estableció un caso *prima facie* de posesión por prescripción durante un término de más de treinta años, y de posesión de buena fe y con justo título durante la mayor parte de ese tiempo. Su título por prescripción, de acuerdo con el artículo 1858 del Código Civil, había sido perfeccionado antes de que el municipio adquiriera interés alguno en la parcela mayor que éste ahora reclama. La ley de la Legislatura autorizando al Comisionado del Interior a traspasar una faja de terreno que no se había demostrado que pertenecía al Pueblo de Puerto Rico al tiempo de esa autorización, no interrumpió el transcurso del período estatutorio que aún no había expirado, ni despojó al peticionario de un título previamente adquirido."

En el caso de *Gobierno de la Capital* v. *Casino Español*, 56 D.P.R. 790, también resolvimos la cuestión en cuanto a un bien mueble se refiere, pues se trataba de un cuadro al óleo perteneciente al Municipio de San Juan y el cual desde el año 1866 aparecía inventariado como de su propiedad. En el 1898, el cuadro en cuestión fué donado por el entonces alcalde de San Juan a una person particular, quien en el 1913 a su vez lo donó al Casino Español. El Gobierno de la Capital, como sucesor del Municipio de San Juan, trató de reivindicar el cuadro. Se levantó por el Casino Español la defensa de prescripción adquisitiva, alegando el Gobierno de la Capital que la prescripción no corría en su contra.

Después de citar la doctrina del caso de *El Pueblo* v. *Dimas,* supra, resolvimos que la misma se aplicaba en relación con El Pueblo de Puerto Rico, entidad soberana, pero no en relación con los municipios y considerando entonces cuáles son los bienes de dominio público y cuáles los patrimoniales, esto es, bienes de propiedad privada de los municipios, se llegó a la conclusión de que éstos se rigen por las disposiciones del Código Civil, entre los cuales se encuentran las relativas a la prescripción, estableciendo que en cuanto a los bienes patrimoniales de los municipios, la prescripción corre contra ellos y que no siendo el cuadro envuelto en el pleito, uno de los bienes entre los especificados por la ley como de uso público, ni siendo tampoco análogo a ellos, la prescripción le era aplicable al municipio. Véanse los artículos 255, 256 y 257 del Código Civil, edición de 1930.

En el presente caso no hay discusión en cuanto a que el solar objeto del dominio era un bien patrimonial del municipio, y siéndolo, la prescripción corre en su contra bajo la doctrina anteriormente expuesta, y erró la corte inferior al no resolverlo así.

La segunda cuestión envuelta es si la Ley núm. 22 de 1945, supra, interrumpió el término prescriptivo que concede el artículo 1859 del Código Civil, edición de 1930, al efecto de que el dominio y demás derechos reales sobre los bienes inmuebles se prescriben por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe y sin distinción entre presentes y ausentes.

La corte inferior fué de opinión de que en caso que se aplicara la prescripción adquisitiva en contra del Municipio de Moca, la misma había sido interrumpida al aprobarse por la Legislatura la Ley núm. 22 de 1945, supra. Dicha Ley se limita a asignar la suma de dos mil dólares para ser utilizada por la División de Terrenos Públicos y Archivos del Departamento del Interior para que lleve a efecto ''el deslinde de la zona jurisdiccional del pueblo de Moca y realice toda

aquella labor indispensable para rescatar" para dicho municipio "todas aquellas tierras que pertenecieron al mismo y están siendo poseídas ilegalmente por personas y entidades particulares.''

Nada encontramos en esta Ley que tenga el efecto de interrumpir el término de la prescripción adquisitiva concedido por nuestro Código Civil. La Legislatura pudo haberlo hecho pero no lo hizo.

 La prueba demostró que un ingeniero del Departamento de lo Interior realizó el deslinde autorizado, previa citación de los colindantes pero sin incluir al peticionario—aunque éste se enteró de la misma—y que, de acuerdo con el plano que levantó el 28 de diciembre de 1945, el solar envuelto en este litigio se encontraba dentro de los terrenos del Municipio. Nada más hizo el Comisionado de lo Interior ni el Municipio de Moca. A la fecha en que se hizo el plano ya habían transcurrido los treinta años de estar en posesión el peticionario y sus antecesores.

Los artículos de nuestro Código Civil que tratan sobre la interrupción de la prescripción del dominio son los siguientes: el 1844, que dispone que "Se interrumpe naturalmente la posesión cuando por cualquier causa se cesa en ella por más de un año'', el 1845, que dispone que "La interrupción civil se produce por la citación judicial hecha al poseedor, aunque sea por mandato de tribunal o juez incompetente'', y el 1848, que dispone que "Cualquier reconocimiento expreso o tácito que el poseedor hiciere del derecho del dueño interrumpe asimismo la posesión.'' No existe en el presente caso la interrupción a que se refieren los artículos 1844 y 1845. El hecho de haber estado el apelante presente al llevarse a cabo el deslinde por el Departamento de lo Interior, ¿tuvo el efecto de constituir un reconocimiento expreso o tácito del derecho del Municipio de Moca? La pregunta debe contestarse en la negativa.

En el caso de *La O* v. *Rodríguez,* 28 D.P.R. 636, 638, resolvimos que:

"También nos sentimos inclinados a admitir que tales actos de mensura y deslinde se practicaron sin oposición abierta, franca y decidida por parte de la demadante.

"Lo que no se ha probado es que la demandante estuviera conforme en ceder al demandado la parcela de terreno que hasta entonces había poseído y que quedó encerrada dentro del perímetro del terreno mensurado y deslindado. Esa conformidad no era efecto necesario de la prestada para la mensura y deslinde, por más que acaso así lo creyera el demandado. El deslinde, como tiene declarado el Tribunal Supremo de España en sentencia de 3 de julio de 1884, no da ni quita derechos; deja intactas las cuestiones de posesión y propiedad y sólo sirve para el fin a que se dirige, esto es, para aclarar y fijar la división y límites de las heredades, evitar que se confundan o desaparezcan los antiguos linderos y prevenir los pleitos que de tal confusión pudieran originarse en lo sucesivo. Comentarios a la Ley de Enjuiciamiento Civil Española, por Don José Ma. Manresa y Navarro, tercera edición, tomo 6º., página 515."

Al mismo efecto, véase *Marrero v. Mas,* 48 D.P.R. 527. Y Manresa, en sus Comentarios al Código Civil Español, artítculo 1948, equivalente al 1848 del nuestro, dice:

"El mismo Tribunal Supremo, en repetida jurisprudencia anterior a la publicación del Código, pero que es aplicable aun después de la vigencia de éste, tiene también establecida la doctrina de que el deslinde y apeo de una heredad, practicado con el único objeto de señalar sus límites, no interrumpe la posesión llevada a cabo con el fin de prescribir; y se explica bien que así haya sido estimado por dicho Tribunal, puesto que en ese acto no hay reconocimiento alguno por parte del poseedor a favor del dueño en cuya contra o en cuyo perjuicio se utiliza la prescripción. Por el contrario, sí existirá dicha interrupción, si por virtud del deslinde practicado se reclamare judicialmente la cosa que se pretende prescribir. . . ." XII Ob. cit., cuarta edición, págs. 724-5.

En el presente caso, después de realizado el deslinde, el Comisionado de lo Interior nada hizo para reclamar judicialmente el solar en posesión del peticionario para el Municipio de Moca, antes de que el término de la prescripción adquisitiva a favor del primero expirara. Y si bien, de acuerdo con el artículo 1863 del Código Civil las acciones reales sobre

bienes inmuebles no prescriben hasta que hayan transcurrido treinta años, el mismo artículo dispone que "Entiéndese esta disposición sin perjuicio de lo establecido para la adquisición del dominio o derechos reales por prescripción."

■ La prueba en este caso demostró que el peticionario y sus antecesores han estado en posesión como dueños del solar por mucho más de treinta años. El hecho de que no se demostrara que ellos habían pagado las contribuciones sobre la propiedad, no implica, por sí solo, que ellos eran meros "ocupantes", como resolvió la corte inferior.

*Debe revocarse la sentencia y dictarse otra declarando con lugar la petición, y habiendo sido vencido en juicio el Municipio, ordenar la cancelación en el Registro de la Propiedad del asiento contradictorio a favor del Municipio de Moca— Alcázar v. Corte, 67 D.P.R. 727—en relación con el solar descrito en la petición, con costas.*