### Coto *v.* Rafas et al.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 754.—Resuelto en junio 13, 1912.

Pruebas—Falta de Objeción.—Cualquier testimonio probatorio puede ser considerado por la corte sentenciadora si no se presente objeción alguna a la admisión del mismo. Esto es una aplicación de la máxima *Concensus tollit errorem.*

Apelación—Cuestiones que Pueden Considerarse en una Apelación.—Cuando las partes con el consentimiento de la corte se unen en juzgar un caso bajo la teoría de que una determinada materia está dentro de las cuestiones a resolver (*issues*), dicha teoría no puede ser rechazada cuando el caso está en apelación para que sea revisado.

Id.—Prueba de una Alegación Eliminada.—De acuerdo con la doctrina expuesta en el párrafo anterior, cuando los hechos expresados en una alegación que ha sido eliminada, son probados sin objeción de la parte contraria y sometidos como hechos esenciales a la apreciación y resolución del tribunal inferior, no procede por ese motivo la revocación de la sentencia apelada.

Tercero—Ley Hipotecaria—Preceptos del Código Civil.—En el presente caso la propiedad de los bienes materia del pleito no estaba inscrita en el registro de la propiedad. *Se resolvió,* que la condición de tercero alegada por el demandado no debía regularse por los preceptos especiales de la Ley Hipotecaria, sino por los generales del Código Civil.

Id.—A vende a B cierta propiedad por documento privado. Luego A simula una deuda a favor de C quien demanda a A y obtiene que para asegurar la sentencia se embargue la misma propiedad vendida por A a B. Durante la

tramitación del pleito C vende su crédito a D que tiene conocimiento de los antecedentes del caso. B inicia un pleito de tercería contra A, C y D. En dicho pleito D alegó la condición de *tercero, y se resolvió:* que estimándose probados por la corte sentenciadora la simulación de la deuda de A a B y el conocimiento que de ese hecho tenía D, no podía estimarse que concurría a favor de D la condición de tercero.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Luis Freyre Barbosa* y *Eugenio Benítez Castaño.*

Abogado del apelado: *Sr. José E. Benedicto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso de tercería sobre bienes inmuebles. El demandante alegó, en substancia, que el 12 de diciembre de 1909 compró con pacto de retro a Celedonio Cortés, por la suma de $495.42 que fué recibida por Cortés a su entera satisfacción, un ranchón de madera situado en Puerta de Tierra, y que el 2 de enero de 1910 compró también con pacto de retro al propio Celedonio Cortés otro ranchón de madera, situado en Puerta de Tierra, por la suma de $223.04 que recibió Cortés de igual modo a su entera satisfacción. Ambos contratos se hicieron constar por documentos privados que se insertan en la demanda. Los ranchones se describen debidamente.

Que vencidos en 12 de junio y 2 de julio de 1910 los plazos fijados para ejercitar el derecho de retracto, sin que el vendedor se hubiera aprovechado de ellos, la venta quedó consumada y los ranchones en su consecuencia de la exclusiva propiedad del demandante.

Que el 1 de junio de 1910 Zenón Vega demandó a Celedonio Cortés ante la corte municipal reclamándole la suma de $465 que Cortés confesó deberle en documento privado fechado en 4 de enero de 1910, documento privado que fué reconocido por Cortés ante notario público el propio día 1 de junio de 1910 en que Vega presentó la demanda. Que en dicho pleito para asegurar la efectividad de la sentencia que pudiera dictarse, se embargaron como de la propiedad de Cortés, los referidos ranchones.

· Que el demandante Coto Pereira interpuso demanda de tercería en la corte municipal contra los dichos Vega y Cortés el 4 de junio de 1910, alegando su derecho a la propiedad de los ranchones embargados.

Que mientras el juicio de tercería se sustanciaba, Zenón Vega hizo cesión de su crédito a Eugenio Rafas, y, notificada la cesión, la corte municipal dictó una orden teniendo a Rafas por demandante en el caso ''en los mismos términos y a todos los efectos que en el indicado pleito y sus consecuencias exis· ten y puedan derivarse.''

Que en el repetido juicio de tercería se dictó sentencia a favor de Coto Pereira y se mandó levantar el embargo trabado sobre los ranchones.

Que Rafas interpuso apelación contra la sentencia, pero el recurso no llegó a resolverse porque Coto Pereira desistió de su acción por tener dudas acerca de la jurisdicción de la corte municipal para conocer del pleito por razón de su cuantía.

Y que el documento otorgado por Celedonio Cortés a favor de Zenón Vega era simulado, expresándose detalladamente en qué consistía la simulación.

El demandado Rafas solicitó la eliminación del hecho de la demanda referente a la simulación del contrato otorgado entre Celedonio Cortés y Zenón Vega y la corte así lo acordó, pero esto no obstante, en el acto de la vista el demandante presentó prueba de la simulación, sin oposición de la parte contraria. El dicho demandado contestó además la demanda negando aquellos hechos que podían perjudicarle y alegando que al adquirir de Zenón Vega el crédito de $465, dicho crédito estaba declarado por sentencia firme.

Celebrada la vista, la corte de distrito dictó sentencia declarando con lugar la demanda con los demás pronunciamientos de ley, y contra esa sentencia dictada el 31 de mayo y registrada el 1 de junio de 1911, es que se ha interpuesto el presente recurso de apelación.

En su alegato el apelante señala los siguientes errores:

1. Debió haberse declarado con lugar la excepción previa de que la demanda no aducía hechos suficientes para determinar una causa de acción.

2. Eliminado el hecho de la demanda en que se alegaba la simulación del contrato otorgado entre Cortés y Vega, no debió admitirse como se admitió prueba sobre dicho extremo.

3. Se erró al permitir la presentación de documentos privados en perjuicio de tercero, y

4. No se ha justificado la existencia de la compra de los ranchones por parte de Coto Pereira.

En cuanto al primer error, diremos que a nuestro juicio la demanda aduce hechos suficientes para poder concluir que los ranchones de que se trata pertenecen al demandante y no a los demandados, y siendo esto así, como lo veremos aún más claro al considerar los otros errores señalados, la excepción a la demanda fué desestimada propiamente.

En cuanto al segundo error, diremos que no consta en parte alguna de la transcripción que el apelante se opusiera a la prueba indicada. Por el contrario, examinadas las alegaciones, el método seguido en la práctica de las pruebas y la sentencia de la corte de distrito, se llega a la conclusión de que la simulación del contrato, de Cortés con Vega, no obstante la orden de eliminación, fué un hecho esencial sometido finalmente a la apreciación y resolución de la corte de distrito; y no es en la apelación en donde el demandado y apelante puede volver sobre sus propios actos al darse cuenta de que pueden perjudicarle.

Es un principio de derecho que cualquier testimonio probatorio puede ser considerado por la corte, si no se presenta objeción alguna a la admisión del mismo. (*Burton* v. *Driggs,* 20 Wall, 133; *District of Columbia* v. *Woodbury,* 136 U. S., 450, 462; *Patrick* v. *Graham,* 132 U. S., 627; *Camden* v. *Doremus,* 3 How., 515.) Esta es una aplicación de la máxima *Consensus tollit errorem.* (*Falero* v. *Falero,* 15 D. P. R., 122.)

Y es una regla bien establecida que cuando las partes, con

el consentimiento de la corte, se unen en juzgar un caso bajo la teoría de que una determinada materia está dentro de las cuestiones a resolver (*issues*), dicha teoría no puede ser rechazada cuando el caso viene ante una corte de apelación para que sea revisado. (*San Juan Light & Transit Co.* v. *Requena*, opinión de la Corte Suprema de los Estados Unidos; 224 U. S., 89.)

En cuanto al tercer error diremos, que este caso debe resolverse de acuerdo con los preceptos generales del derecho civil, pues las prescripciones especiales de la Ley Hipotecaria no le son aplicables debido a que la propiedad de los ranchones de que se trata no estaba inscrita a favor de persona alguna en el registro.

Son hechos probados que Celedonio Cortés fué el dueño de los dos ranchones a que se refiere este pleito. Que en 1 de junio de 1910, Zenón Vega entabló demanda contra Celedonio Cortés y para el aseguramiento de la sentencia que pudiera dictarse, embargó los ranchones. Que practicado el embargo, Coto Pereira, estableció su primera demanda de tercería reclamando la propiedad de los ranchones, y que interpuesta ya la demanda de tercería, Zenón Vega cedió su crédito contra Cortés al demandado y apelante Eugenio Rafas.

Para probar su alegación de propiedad, el demandante Coto Pereira acompañó a su demanda dos documentos privados fechados el 12 de diciembre de 1909. El demandado y apelante Rafas sostiene que es tercero, y que, en tal virtud, dichos documentos sólo pueden perjudicarle a partir de la fecha en que se presentaron a la corte y que siendo dicha fecha posterior al embargo de su cedente, el embargo debe subsistir con preferencia al derecho que pueda tener Coto Pereira.

La propiedad de los bienes embargados no ha sido traspasada a Rafas: él es simplemente un acreedor personal de Cortés con su crédito reconocido por sentencia y asegurado sobre bienes que se embargaron como de la propiedad de Cortés.

¿Puede en tal caso considerársele como un tercero? Atendido el resultado de las pruebas practicadas, no puede, a nuestro juicio.

No sólo probó el demandante el hecho de la venta por medio de los documentos privados, de su propia declaración jurada, de la declaración jurada del testigo Inocencio Rivera, que escribió los documentos y presenció la entrega del dinero y de la declaración también jurada del Notario Socorro ante quien comparecieron en los primeros meses de 1910, Coto Pereira y Celedonio Cortés con objeto de otorgar una escritura de venta absoluta de los ranchones (las ventas hechas constar en los documentos privados son con pacto de retro), dedicando parte del pago a satisfacer cierta deuda que Cortés tenía con una señora Colombani, escritura que no llegó a firmarse porque finalmente Cortés no estuvo conforme por razón de la deuda de la Colombani, sino que además probó que era simulada la deuda de Cortés a Vega.

Además, de la circunstancia de haberse hecho constar dicha deuda en un documento privado que lleva la fecha de enero 4 de 1910 y que fué reconocido ante notario por el deudor el 1 de junio de 1910, o sea el mismo día que se entabló la demanda y se pidió el aseguramiento de la sentencia, existen las declaraciones del abogado Sr. Ginorio y del testigo Maisonet. El primero dijo, en resumen, que Celedonio Cortés había ido a su bufete con objeto de que le aconsejara los medios de eludir el pago de una deuda que tenía con Coto Pereira y la Sra. Colombani. Y el segundo, entre otras manifestaciones, hizo las siguientes: "que conoce a Juan Coto Pereira, Cortés, Rafas y Zenón Vega, que éste fué a su casa en el mes de mayo a las seis de la tarde y le dijo que si quería ganarse un pico, y al preguntarle que en qué, le contestó que en hacer un documento para salvar a un pobre, y entonces le dijo que pasaría por su cafetín; que al otro día viniendo para San Juan entró en el cafetín de Vega y éste le dijo 'vamos a hacer el documento' y le contestó el declarante, 'vamos a ver de qué se

trata,' y le contestó Coto Pereira, 'piensa embargar aquí una casa y ese pobre no se puede dejar en la calle;' que el individuo a quien había que salvar era Celedonio Cortés; para ello querían hacer un documento con fecha atrasada, y entonces él le dijo que no se metía en eso, que era una causa criminal, y que cree que el primero de junio vino a la plaza y encontró a Cortés, a Ramón Miranda y Zenón Vega, y al decirle éste '¿Qué háy?' le dijo 'no hago nada,' que no sabe si realizaron algún acto después de éste, después dice él, que el primero de junio los encontró en la plaza e iban a hacer el documento, que se lo dijeron porque al decirle '¿qué háy?' les dijo 'no hago nada.' ''

Con tales elementos probatorios como base, la corte de distrito, que oyó declarar a los testigos en persona y que pudo apreciar en mejores condiciones que nosotros su veracidad, llegó a la conclusión de que Vega, el acreedor supuesto de Cortés, tenía conocimiento de las ventas de los ranchones de Cortés a Coto, y que Rafas, el cesionario de Vega que adquirió el crédito después de entablada por Coto la primera demanda de tercería, tenía también conocimiento de la existencia de dichos contratos, y, en tal virtud, que ni Vega, ni Cortés son terceros.

Falta sólo considerar el último de los fundamentos del recurso. Sostiene el apelante que no se ha probado que Coto Pereira comprara realmente a Cortés los ranchones. En el acto de la vista el demandado Rafas por medio de sus repreguntas a los testigos del demandante, trató de demostrar que los contratos celebrados entre Coto y Cortés eran de préstamo de dinero y no de compraventa. La corte sentenciadora apreció, a virtud del examen de toda la evidencia, que se trataba de una compra y nosotros no encontramos motivos bien fundados para decir que su apreciación fué errónea.

La prueba es suficiente para establecer una compra con pacto de retro, que quedó consumada por no haber ejercitado en tiempo el vendedor su derecho de retracto.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.