Hernández *v.* Ortiz et al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 813.—Resuelto en diciembre 21, 1912.

Pago—Rescisión—Falsedad o simulación, Conspiración Fraudulenta—Pruebas.—El tribunal inferior al apreciar la prueba presentada en este caso declaró que no se había probado la existencia de conspiración fraudulenta entre los demandados para perjudicar al demandante, ni que el pago hecho por uno de los demandados al otro codemandado fuera falso ni simulado. *Se resolvió* en apelación que no habiéndose demostrado ni alegado por la parte apelante

que el tribunal inferior cometiera error en la apreciación de la prueba, ni que obrara influído por pasión, prejuicio ni parcialidad, no había motivo alguno para rechazar dicha apreciación.

Id.—Documento Privado—Fecha del Mismo con Respecto a Terceros.—Un recibo de pago otorgado por medio de documento privado reconocido por las partes que en el intervinieron, tiene entre esas partes el mismo valor que una escritura pública y produce efecto desde su fecha, según el artículo 1193 del Código Civil; pero respecto de tercero no sucede lo propio, sino que entonces debe aplicarse el artículo 1195 del mismo Código.

Gravámenes por Sentencias—Créditos Comunes—Bienes Inmuebles.—La ley de marzo 8, 1906, disponiendo la forma de establecer gravámenes por sentencias sobre bienes inmuebles, como su propio título lo indica, no establece gravámenes sobre los créditos comunes, y por tanto un acreedor por sentencia que ha inscrito ésta en el registro de sentencias, no puede alegar la existencia de un gravámen sobre un crédito común que tenia a su favor el deudor. Aun en el supuesto de que una persona pague un crédito a un deudor por sentencia inscrita en el registro de sentencias a sabiendas de esa inscripción, si no tiene conocimiento del propósito fraudulento que con respecto al acreedor por sentencia pueda tener dicho deudor, el pago está bien hecho y extingue la obligación.

Pago—Rescisión—Obligaciones no Vencidas.—El pago de una obligación no vencida, no es rescindible por los motivos consignados en el artículo 1259 del Código Civil revisado cuando no se demuestra que el que hizo el pago se encontraba en estado de insolvencia cuando satisfizo la obligación no vencida.

Costas—Apelación—Escrito de Apelación.—Cuando de la transcripción de autos no consta el escrito de apelación interponiendo el recurso contra la resolución de la corte inferior aprobando el memorandum de costas, este tribunal no tiene jurisdicción para resolver el recurso, aunque realmente haya sido interpuesto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Quintero.*

Abogado de los apelados: *Sr. Angel A. Vázquez.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante Agustín Hernández Mena contra sentencia que en grado de apelación dictó la Corte de Distrito de Mayagüez en 29 de diciembre del año próximo pasado, mediante celebración de nuevo juicio en caso por Agustín Hernández Mena contra Manuel Ortiz Sáinz y Tomás Oramas, sobre rescisión de pago de obligación hecho por el primero de éstos al segundo.

Alega el demandante en su demanda enmendada y jurada

ante la Corte de Distrito de Mayagüez en 7 de agosto de 1911 como determinantes de su acción, los siguientes hechos:

Primero. Que con motivo de escritura de venta otorgada en 19 de enero de 1905 por Tomás Oramas a favor de Manuel Ortiz Sáinz, confesó éste adeudar al primero como resto de parte del precio de la venta 3,249 dollars que se obligó a pagarle a razón de 700 dollars en cada día 30 del mes de enero de los años 1907 al 1910 inclusive, y los 449 dollars restantes en enero del año 1911.

Segundo. Que en pleito seguido ante la Corte de Distrito de Mayagüez por Hernández Mena contra Oramas, el demandante obtuvo sentencia a su favor dictada en rebeldía del demandado el 15 de julio de 1907 por la suma de 916 dollars 60 centavos de principal, intereses y costas, cuya sentencia fué inscrita en el libro 1.º del registro de sentencias del Registro de la Propiedad de Mayagüez el 4 de enero de 1908.

Tercero. Que para la ejecución de dicha sentencia el márshal de la corte embargó como de la propiedad de Oramas el crédito de 449 dollars que Ortiz Sáinz debía pagarle en enero de 1911 y anunciada la venta de dicho crédito en pública subasta tuvo ésta lugar en 25 de noviembre de 1910, habiéndose adjudicado al Hernández Mena, a cuyo favor fué expedido certificado de venta.

Cuarto. Que no habiéndole pagado a su vencimiento Ortiz Sáinz el crédito de que se deja hecho mérito, interpuso demanda para su cobro en febrero de 1911 contra el deudor Ortiz Sáinz, quien en su contestación jurada como materia nueva de oposición alegó, que en 22 de enero de 1910 satisfizo a su acreedor Oramas el total importe del crédito que le adeudaba, según recibo que en la misma fecha le expidió y firmó Oramas, obligándose a otorgarle escritura pública de pago tan pronto lo pidiera Ortiz. El recibo de que se trata se inserta íntegro en esta alegación.

Quinto. Que Ortiz Sáinz y Oramas antes y en la fecha del recibo de pago sabían por conocimiento propio que Agustín Hernández Mena era acreedor de Oramas y dichos deman-

dados se pusieron de acuerdo para otorgar como otorgaron falsa y simuladamente tal recibo, con la idea de impedir que Hernández Mena cobrara su crédito, y con el propósito de perjudicarle y defraudarle en sus intereses.

Sexto. Que el pago referido fué hecho en estado de insolvencia por cuenta de una obligación, a cuyo cumplimiento no podía ser compelido el deudor al tiempo de hacerlo.

Séptimo. Que el demandante no puede cobrar de otro modo que mediante la rescisión del pago el crédito de que se trata, por haberse el deudor Oramas constituído en insolvencia voluntaria y carecer de todo otro recurso legal para reparar el perjuicio sufrido.

La demanda concluye con la súplica de que se dicte sentencia declarando rescindido el pago de los 449 dollars a que se refiere el recibo expedido por Oramas a favor de Ortiz Sáinz en 22 de enero de 1910, transcrito en la demanda con todo lo demás que proceda e imposición de las costas.

Ambos demandados opusieron excepciones previas a la demanda enmendada, las que fueron declaradas sin lugar y habiéndola contestado Manuel Ortiz Sáinz aceptó algunas de las alegaciones de la misma y negó otras por falta de información y creencia, alegando como materia nueva constitutiva de oposición, que nunca fué notificado por Hernández Mena ni por ninguna otra persona de que el demandante Hernández Mena tuviera pleitos pendientes con Tomás Oramas ni de que fueran sentenciados a su favor, ni de que se le hubiera adjudicado en remate el crédito de que se trata, por lo que a súplicas de Oramas, antes del vencimiento de dicho crédito y con la mejor buena fe satisfizo a Oramas la suma total adeudada.

Celebrado el juicio terminó éste por sentencia que dictó la Corte de Distrito de Mayagüez en 29 de diciembre de 1911, declarando sin lugar la demanda con costas al demandante, cuya sentencia según hemos dicho antes ha sido recurrida por el demandante Hernández Mena, y es la materia del presente recurso.

La corte sentenciadora al establecer los fundamentos de su sentencia declara probados los hechos contenidos en las alegaciones primera, segunda, tercera y cuarta de la demanda que dejamos relacionadas, y también estima probado que Tomás Oramas antes y al tiempo en que aparece otorgado a su favor el recibo de pago de la obligación, sabía y le constaba por propio conocimiento que Hernández Mena era su acreedor a virtud de la sentencia de 15 de julio de 1907 y que el pago fué hecho por Ortiz Sáinz a Oramas en la misma fecha que reza el recibo o sea en 22 de enero de 1910, sin que entonces Ortiz Sáinz se encontrara en estado de insolvencia, no habiéndose probado que haya existido una conspiración fraudulenta entre los demandados Sáinz y Oramas para perjudicar a Hernández Mena mediante la extinción del crédito de $440, ni que Hernández Mena carezca de todo otro recurso legal para obtener la reparación del perjuicio.

Hemos examinado las pruebas practicadas en el juicio y no hemos encontrado ni se nos ha demostrado por la parte apelante, que en la apreciación de ellas se haya cometido error alguno o que la corte inferior haya obrado influída por pasión, prejuicio o parcialidad.

Ortiz Sáinz y Oramas declararon bajo juramento que el pago del crédito adjudicado a Hernández Mena fué hecho realmente por el primero al segundo con un ligero descuento en la misma fecha que indica el recibo o sea en enero 22 de 1910, y por tanto con anterioridad a la fecha en que Hernández Mena adquirió tal crédito por adjudicación. El Juez dió crédito a Ortiz Sáinz y a Oramas en uso de las facultades que la Ley de Evidencia le reconoce, y no encontramos motivo alguno para separarnos de su apreciación. No infringió al proceder así, según alega Hernández Mena, el artículo 1195 del Código Civil, preceptivo de que la fecha de un documento privado no se contará respecto de terceros sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario

público por razón de su oficio.   Para Ortiz Sáinz y Oramas, el recibo de que se deja hecho mérito tiene que producir efecto desde su fecha con arreglo al artículo 1193 del código citado, pues habiendo reconocido ambos dicho documento, tiene éste el mismo valor legal entre ellos, que una escritura, si bien respecto de un tercero, como es Hernández Mena, la fecha del documento no puede contarse sino desde el día en que Ortiz Sáinz alegó su existencia y lo transcribió en su contestación a la demanda interpuesta contra él por Hernández Mena ante la Corte Municipal de Mayagüez, en febrero de 1911, para cobro del crédito.   La corte inferior no ha establecido que el recibo produzca efectos legales respecto de Hernández Mena desde su fecha y el apelante le imputa por tanto un error supuesto.

Ni tiene importancia alguna la alegación hecha por Hernández Mena de que la sentencia de 15 de julio de 1907 ordenando que recobrara de Tomás Oramas la suma de $916 y centavos con intereses y costas, fué inscrita en el registro de sentencias del Registro de la Propiedad de Mayagüez en 4 de enero de 1908, para demostrar que Ortiz Sáinz al pagar a Oramas el crédito no vencido, debía saber que Oramas adeudaba dicha suma a Hernández Mena, pues la ley proveyendo la forma de establecer gravámenes por sentencias sobre inmuebles, aprobada en 8 de marzo de 1906, como su mismo título indica, no establece gravamen sobre los créditos comunes, cuyo carácter tenía el crédito satisfecho por Ortiz Sáinz y, por tanto, al pagar éste a Oramas sin informarse antes por el registro de sentencias de si Hernández Mena era acreedor de Oramas, no cometió ligereza o imprudencia de cuyas consecuencias puede ser responsable, aparte de que aun con conocimiento de que Oramas era deudor de Hernández Mena declarado tal por sentencia, si no tenía conocimiento del propósito fraudulento que con respecto de Hernández Mena pudiera abrigar Oramas, bien pudo verificar el pago hecho a Oramas.

No apareciendo que hubiera falsedad o simulación en el

pago del crédito no vencido por Ortiz Sáinz a Oramas, ni existiera conspiración fraudulenta entre ambos para perjudicar a Hernández Mena, tócanos ahora considerar si el pago hecho por Ortiz Sáinz a Oramas es rescindible con arreglo al artículo 1259 del Código Civil.

Ese artículo dice así:

"Artículo 1259. Son también rescindibles los pagos hechos en estado de insolvencia por cuenta de obligaciones a cuyo cumplimiento no podía ser compelido el deudor al tiempo de hacerlos."

Es indiscutible que Ortiz Sáinz satisfizo a Oramas en 22 de enero de 1910 con un ligero descuento el importe de una obligación que había de vencer en enero del año siguiente, y que en la fecha del pago Hernández Mena era acreedor de Oramas por mayor cantidad; pero en el supuesto de que él presente caso atendidas sus circunstancias pudiera regularse por el artículo transcrito, éste no sería de aplicación por cuanto no se ha justificado que Ortiz Sáinz se encontrara en estado de insolvencia cuando satisfizo dicha obligación a Oramas, ni tampoco cuando insertó íntegro el recibo del pago en su contestación a la demanda interpuesta por Hernández Mena para el cobro del crédito a que se refiere dicho recibo.

Además de solicitar Hernández Mena en su alegato escrito la revocación de la sentencia apelada, interesa, además, que se revoque la orden de 22 de enero de 1912, aprobatoria del memorandum de costas, cuya orden, según dice, ha sido apelada; pero como en el récord no aparece que tal recurso haya sido interpuesto, carecemos de jurisdicción para considerarlo y resolverlo, si es que realmente ha sido interpuesto.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociado MacLeary, Wolf, del Toro y Aldrey.