Córdova et al., Demandantes y Apelantes, *v.* Surís et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en una causa de tercería de bienes inmuebles e *injunction.*

No. 992.—Resuelto en diciembre 22, 1913.

Tercería de Bienes Inmuebles—Bienes Gananciales—Prueba en Contra de su Presunción.—La prueba presentada por los apelantes tendente a demostrar que los bienes embargados fueron adquiridos por la esposa a nombre propio y que ella había pagado las contribuciones sobre los mismos, no es suficiente para destruir la presunción de gananciales de dichos bienes.

Id.—Prueba del Título de Propiedad por Medio de un Documento Privado—Terceros.—Un documento privado que no ha sido nunca inscrito en un registro público, y presentado como prueba en una tercería de bienes inmuebles tres meses después del embargo y en el mismo día del juicio, no puede perjudicar al acreedor que embargó los bienes, ni es suficiente para justificar el título del tercerista y dejar sin efecto el embargo practicado.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Montalvo Guenard.*

Abogado de Juan Surís Cardona: *Sr. Fernando Vázquez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Los demandados y apelados embargaron una finca poseída por su deudor Matías Serrano. Los apelantes entablaron una tercería de dominio contra los demandados reclamando dicha propiedad y para probar su derecho solamente presentaron un documento privado otorgado por Antonia Molinary y Malvé de fecha anterior al embargo, sin registrar en ninguna oficina y dicho documento sólo fué presentado al secretario de la corte municipal en el día del juicio, tres meses después del embargo. Antonia Molinary y Malvé es la esposa del deudor Matías Serrano.

De acuerdo con un principio general de derecho, toda propiedad adquirida por la esposa durante el matrimonio se presume ganancial y aunque los apelantes presentaron prueba para demostrar que la esposa había adquirido la propiedad a nombre propio y había pagado las contribuciones sobre la

misma, esta presunción de ganancial de dicha propiedad no fué contrarrestada. El artículo 1195 del Código Civil dice así:

"Artículo 1195.—La fecha de un documento privado no se contará respecto de terceros, sino desde el día en que hubiese sido incorporado o inscrito en un registro público, desde la muerte de cualquiera de los que lo firmaron, o desde el día en que se entregase a un funcionario público por razón de su oficio."

Este artículo es equivalente al 1224 del Código Civil Español y el Tribunal Supremo de España, interpretándolo en sentencia de febrero 26, 1894, se ha expresado así:

"Si bien el documento privado, reconocido legalmente, tiene el mismo valor que la escritura pública entre los que lo hayan suscrito y sus causahabientes, no puede concedérsele valor y eficacia alguna respecto de terceros, sin que se cumpla lo dispuesto por el artículo 1227 del Código Civil, y, como consecuencia, la presentación de un documento de esa clase para fundar una tercería de dominio no es prueba suficiente, porque su eficacia nace de la fecha de esa presentación, posterior, por tanto, a la del título que se trata de combatir."

Véase también los casos de *Hernández* v. *Ortiz,* 18 D. P. R., 1054; *Coto* v. *Rafas et al.,* 18 D. P. R., 508.

El embargo de la finca en litigio sólo podría ser destruído por un documento público o por otros fundamentos de nulidad que la ley reconoce, pero nó por un documento privado otorgado por el deudor a los apelantes.

No habiéndose colocado los apelantes dentro de las excepciones enumeradas en el citado artículo, los apelados deben ser considerados como terceros.

La sentencia debe ser confirmada.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

Presentada moción de reconsideración por la parte apelante, fué ésta denegada sin opinión en febrero 18, 1914.