AGUAYO, DEMANDANTE Y APELADO, *v.* VÁZQUEZ, DEMANDADO, Y COTTO, INTERVENTOR Y APELANTE.

No. 3351.—*Visto:* Diciembre 4, 1924. *Resuelto:* Enero 21, 1925.

EMBARGO—DOCUMENTO PRIVADO SIN LEGALIZAR—PRUEBA DEL DOMINIO.—Si bien el documento privado, reconocido legalmente, tiene el mismo valor que la escritura pública entre los que lo hayan suscrito y sus causahabientes, no puede concedérsele valor y eficacia alguna respecto de terceros, sin que se cumpla lo dispuesto por el artículo 1195 del Código Civil, y, como consecuencia, la presentación de un documento de esa clase para fundar una tercería de dominio no es prueba suficiente, porque su eficacia nace de la fecha de esa presentación, posterior, por tanto, a la del embargo que se trata de destruir.

ALEGACIONES JURADAS—HECHO NO ADMITIDO.—No puede concluirse que un hecho alegado bajo juramento ha sido admitido cuando el demandado al contestarlo específicamente, si bien alega no tener información suficiente respecto de tal hecho, expresa que no lo acepta.

SENTENCIA de *G. Castejón,* J .(Guayama) en una acción en cobro de dinero, declarando con lugar la demanda de intervención en cuanto a ciertos particulares, sin costas. *Confirmada.*

*J. J. Aponte,* abogado del apelante; *V. F. Rodríguez Ortiz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una apelación contra una sentencia de la Corte de Distrito de Guayama declarando, en parte, sin lugar una demanda de intervención por la cual se solicitaba se dejara sin efecto cierto embargo trabado sobre una finca urbana, en la acción establecida por Carlos Aguayo contra Nicolás Vázquez Hernández, en cobro de dinero.

El fundamento de la corte inferior descansa en la insuficiencia de la prueba que produjo el demandante, toda vez que basó su derecho a la propiedad en un documento privado mediante el cual el último demandado vendió al primero la casa embargada.

Un examen de la prueba demuestra que la corte inferior estuvo correcta en la aplicación de la doctrina sentada por esta Corte Suprema en el caso de *Córdova et al.* v. *Surís et al.*, 19 D.P.R. 1180, y no darle validez al documento privado en perjuicio del demandado Carlos Aguayo. Para ello, siendo este último tercero, el demandante ha debido presentar el documento revestido de cualquiera de las solemnidades que prescribe el artículo 1195 del Código Civil Revisado para que tuviera la autenticidad que exige dicha disposición legal y así surtir sus correspondientes efectos.

Esta Corte Suprema en el caso de *Córdova et al., supra,* interpretó el artículo 1195 citado en armonía con su equivalente 1224 del Código Civil español, y en este punto hizo la siguiente declaración:

"Este artículo es equivalente al 1224 del Código Civil Español y el Tribunal Supremo de España, interpretándolo en sentencia de febrero 26, 1894, se ha expresado así:

" 'Si bien el documento privado, reconocido legalmente, tiene el mismo valor que la escritura pública entre los que lo hayan suscrito y sus causahabientes, no puede concedérsele valor y eficacia alguna respecto de terceros, sin que se cumpla lo dispuesto por el artículo 1227 del Código Civil, y, como consecuencia, la presentación de un documento de esa clase para fundar una tercería de dominio no es

prueba suficiente, porque su eficacia nace de la fecha de esa presentación, posterior, por tanto, a la del título que se trata de combatir.

"Véase también los casos de Hernández v. Ortiz, 18 D.P.R. 1054; Coto v. Rafas et al., 18 D.P.R. 508.

"El embargo de la finca en litigio sólo podría ser destruído por un documento público o por otros fundamentos de nulidad que la ley reconoce, pero no por un documento privado otorgado por el deudor a los apelantes."

El demandante sostiene, sin embargo, que las alegaciones de la demanda fueron admitidas en la contestación porque la demanda fué jurada y alega que las mismas no fueron negadas. Parte el apelante de que la simple manifestación que el demandado no tiene suficiente información respecto a determinado hecho, no constituye una formal negación y debe considerarse admitida. Sin embargo, la base de la argumentación es errónea. Los hechos 5º y 6º de la demanda en los que se alega el derecho a la propiedad de la finca embargada fueron específicamente negados y si bien en cuanto al primero el demandado Carlos Aguayo alega no tener información suficiente, concluyó alegando que no lo acepta.

Por lo expuesto, la sentencia inferior *debe confirmarse*.