874

Irene Aponte Fontánez, et al., demandantes y apelados, *v.* Ramón Alonso Muñoz, demandado; Ramona Muñoz Viuda de Alonso, tercerista y apelante.

Núm. 7361.—*Sometido:* Enero 14, 1938. *Resuelto:* Marzo 25, 1938.

R. Díaz Collazo, abogado de la apelante; *Angel A. Vázquez,* abogado de la Sra. Irene Aponte, apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

██ Irene Aponte Fontánez demandó a Ramón Alonso Muñoz y obtuvo una sentencia a su favor en abril 20, 1934, por dos mil dólares. *Aponte v. Alonso,* 46 D.P.R. 549, 573. La sentencia fué registrada en el Registro de Sentencias del Registro de la Propiedad de San Juan en septiembre 28, 1934, y a los efectos de ejecutarla se trabó embargo sobre las rentas de la casa núm. 52 de la Calle de las Flores, Santurce, San Juan, perteneciente al deudor, a quien se notificó en marzo 12, 1935.

Así las cosas, en abril 1, 1935, Ramona Muñoz Viuda de Alonso inició este pleito de tercería alegando que las rentas embargadas eran "de su única y exclusiva pertenencia" porque el dueño de la casa que las produce había constituído sobre la misma y a su favor desde mayo 7, 1930, hipoteca voluntaria en garantía de mil quinientos dólares y porque desde unos cuatro meses después de constituída la hipoteca no pudiendo satisfacerle los intereses—diez por ciento anual— ni pagar a tiempo las contribuciones, ni atender a la con-

servación de la propiedad, convino con la tercerista en que ésta "tomara a su cargo la administración de la finca mencionada para con el producto de las rentas hacerse pago mensualmente de los intereses devengados por virtud del préstamo hipotecario y para hacerse pago asimismo y en su oportunidad de las contribuciones correspondientes a dicho inmueble, de las reparaciones y gastos consiguientes a la conservación de dicho inmueble; habiendo la tercerista compareciente héchose cargo de tal administración, cobrando las rentas producto de la casa mencionada, pagando las contribuciones, atendiendo a los gastos de conservación y entretenimiento del inmueble y dando éste en arrendamiento sin la intervención del demandado Ramón Alonso Muñoz."

Alegó además la tercerista que el capital de la deuda de Alonso no le había sido satisfecho aún y que el convenio posterior descrito continuaba rigiendo en la actualidad. Pidió sentencia ordenando que el embargo practicado quedara sin efecto.

Contestó la demandante Aponte—demandada en tercería—negando que las rentas de que se trata fueran de la exclusiva propiedad de la tercerista, imputando confabulación entre ésta y el demandado Alonso, su hijo, y alegando como hechos constitutivos de oposición especial que la demanda de tercería no aducía hechos suficientes determinantes de una buena causa de acción y que su crédito por sentencia inscrita en el registro y no satisfecho aún, constituía un gravamen real sobre todos los bienes del demandado. Pidió sentencia condenando a la tercerista y a sus fiadores a pagarle la cantidad que resulte deberse por rentas desde que éstas fueron embargadas, con más las costas y honorarios de abogado.

Celebrado el juicio, declararon por la tercerista ella misma, Ramón Alonso Muñoz y Rafael Porrata Doria. Con la oposición y excepción de la demandante Aponte, demandada en tercería, el juez permitió que ·los testigos declararan sobre el convenio verbal alegado en la demanda.

Y así la tercerista declaró que como Alonso no le pagara los intereses, "me dijo: 'quédate con las rentas de la casa para que pagues las contribuciones y reparaciones.' Yo soy quien hago las reparaciones, pago las contribuciones, y yo he sido quien he alquilado la casa . . . desde 1930." Y manifestó Ramón Alonso: "Le dije a mamá que se hiciera cargo de la administración de la casa por no poder cumplir con ella con los intereses . . . . ni disponer de nada para reparaciones y contribuciones . . . desde cuatro o cinco meses de constituída la hipoteca." Porrata Doria, inquilino desde febrero, 1934, expresó haberse entendido directamente con la tercerista y pagádole el alquiler por cheques extendidos a su nombre, algunos de los cuales se presentaron en evidencia.

Irene Aponte, demandada en tercería, probó la existencia de la sentencia que obtuvo a su favor, de su anotación en el registro, y del embargo de las rentas de la casa de que se trata en las fechas alegadas.

La corte resolvió el pleito en contra de la tercerista. En su opinión se expresó así:

"Desde cualquier ángulo que se estudie el caso, se impone una sentencia contra la tercerista. Además de ser un contrato cuya existencia es en extremo sospechosa, tanto por lo inusitado del mismo como por la relación de parentesco entre los contratantes, tiene la dificultad el caso de la tercerista, de no poderse probar por evidencia oral.

"En el caso de *Córdova et al.* v. *Surís, et al.,* 19 D.P.R. 1180, se embargó cierta finca poseída por el deudor. Se presentó entonces una demanda de tercería en la que se alegaba que el tercerista era dueño de la finca embargada por haberla comprado por documento privado con anterioridad a la fecha en que se trabó el embargo. Al confirmar la sentencia de la corte de distrito que declaró sin lugar la demanda de tercería, dijo el Tribunal Supremo:

" 'El embargo de la finca en litigio sólo podría ser destruído por un documento público o por otros fundamentos de nulidad que la ley reconoce, pero no por un documento privado otorgado por el deudor a los apelantes.

" 'No habiéndose colocado los apelantes dentro de las excepciones enumeradas en el citado artículo, los apelados deben ser considerados como terceros.'

"En el mismo caso de *Córdova et al.* v. *Surís, et al.,* supra, se cita con aprobación un párrafo de la sentencia del Tribunal Supremo de España de 26 de febrero de 1894, que dice:

" 'Si bien el documento privado, reconocido legalmente, tiene el mismo valor que la escritura pública entre los que lo hayan suscrito y sus causahabientes, no puede concedérsele valor y eficacia alguna respecto de terceros, sin que se cumpla lo dispuesto por el artículo 1227 del Código Civil y, como consecuencia, la presentación de un documento de esa clase para fundar una tercería de dominio no es prueba suficiente, porque su eficacia nace de la fecha de esa presentación, posterior, por tanto, a la del título que se trata de combatir.'

"El caso de *Córdova et al.* v. *Surís et al.,* fué ratificado por el Tribunal Supremo en el de *Aguayo* v. *Vázquez,* 33 D.P.R. 913.

"Si un documento privado es insuficiente para destruir el embargo, mucho más insuficiente debe ser un simple contrato verbal, sobre todo cuando está rodeado de las circunstancias que concurren en el presente caso."

Los errores que señala la tercerista apelante van a los fundamentos del fallo. Aunque tuviera razón, siempre habría que confirmar la sentencia recurrida porque la tercería se estableció a base de que la tercerista era dueña de las rentas embargadas y tal condición de dueña no resulta de los hechos mismos alegados en la demanda ni de la prueba practicada, ya que un administrador no se convierte en dueño de la totalidad de las rentas de la cosa administrada aunque se le autorice a satisfacerse él mismo de ellas intereses que se le adeuden o adelantos que haga para el pago de contribuciones y reparaciones. Las rentas del inmueble ascendían a trescientos sesenta dólares al año y los intereses a ciento cincuenta. Quedaba un margen de doscientos diez dólares anuales que no parece natural que se consumiera íntegro en contribuciones, reparaciones y gastos de administración.

*Debe declararse el recurso sin lugar y confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con el resultado. *

El Juez Asociado Señor Córdova Dávila no intervino.